## John Clark v. Willett Wilson.

Decided January 27, 1906.

**1.—Submission of Issue to Jury—Evidence.**

Where the evidence upon an issue between the parties is sufficient to create more than a surmise or suspicion of plaintiff's right to recover on such issue, it is proper to submit such issue to the jury. Evidence considered, and held sufficient to require the court to submit to the jury the right of plaintiff to recover of defendant certain commissions upon the sale of defendant's land. Armstrong v. O'Brien, 83 Texas, 648, and O'Brien of Gilliland, 4 Texas Civ. App., 41, distinguished.

**2.—Evidence—Written Instrument—Court not Required to Construe.**

Where an instrument in writing is introduced in evidence, but is not the basis of plaintiff's claim, it is not incumbent on the court to construe the same in its charge, especially when there was no disagreement as to its legal effect.

**3.—Reasonable Time—Question of Fact.**

Where a contract is to be performed in a reasonable time, what is a reasonable time is a question of fact, and should be submitted to the jury. Where no time is stipulated for performance of a contract the law infers that it shall be done in a reasonable time.

**4.—Land Agent—Entitled to Commissions—When.**

A land agent or broker is not necessarily entitled to his commissions if the failure to consummate the sale is not the fault of the agent, but only where he procures a person ready, able and willing to buy upon the terms proposed, and the consummation of the sale is prevented by the fault of the principal.

**5.—Answer to Interrogatory—Not an Opinion.**

A witness was asked by cross-interrogatory whether he and his associates

were ready, willing and able to comply with the terms of sale. To which he answered "Yes." Held, the answer did not invade the province of the jury, and was not merely the opinion of the witness.

**6.—Pleadings in Another Suit—Competent Evidence—When.**

A witness was defendant in another suit growing out of the same transaction. In his answer to that suit he alleged certain facts in defense. In this suit he was asked by interrogatories whether or not the allegations of his answer in the other suit—a certified copy of which was attached—were true; to which he answered that they were in substance true and correct. Held, the answer of the witness and the pleading taken together were admissible in evidence, because they stand on the same footing, as though the witness, in his answer to the interrogatory, had made the statements set out in the pleading and declared them to be true.

Appeal from the District Court of Calhoun County. Tried below before Hon. James C. Wilson.

*Proctors,* for appellant.—In order to support the allegation that appellee sold this land to said named parties, the proof should at least go to the extent of disclosing an enforceable executory contract procured through appellee's agency; and the creation of such a contract required a written acceptance of the option given by appellant. Foster v. New York & Texas Land Co., 22 S. W. Rep., 262; Patton v. Rucker, 29 Texas, 402-408.

Appellee, a land agent, suing for commission, must allege, and has the burden of proof to show, the production of purchasers ready, willing and able to buy upon the terms of his employment to sell. Wilson v. Clark, 79 S. W. Rep., 651; Harmon v. Enright (Mo.), 81 S. W. Rep., 1180; Brackenridge v. Claridge & Payne, 91 Texas, 532; McLane v. Goode, 68 S. W. Rep., 708; Prior v. Jolly, 40 S. W. Rep., 962; Armstrong v. O'Brien, 83 Texas, 648; Mechem on Agency, sec. 966; 4 Am. and Eng. Ency. of Law, p. 975.

It must be shown that the alleged produced purchasers were able to complete the purchase by raising the necessary money and giving solvent notes, entirely independent of any use in such regard of the land constituting the subject matter of the proposed purchase. If the proof shows that the purchasers were not able to buy unless they negotiated the vendor's lien notes or resold the land to third persons, it is wholly insufficient. O'Brien v. Gilliland, 23 S. W. Rep., 245; Wilson v. Clark, 79 S. W. Rep., 651; Harmon v. Enright, 81 S. W. Rep., 1180; McGavock v. Woodlief, 20 How., 221; Iselin v. Griffith, 18 N. W. Rep., 303; Butler v. Baker, 33 Am. St. Rep., 899, 23 Atl. 1020.

The fact that appellant gave to the alleged purchaser, produced by appellee, an option to buy, is not sufficient to entitle appellee to recover upon the contention that appellant passed upon the solvency of said party produced, since a broker is not entitled to commission who merely produces a purchaser, even acceptable to his principal, unless the said produced purchaser actually contracts to buy the property. Conkling v. Krakauer, 70 Texas, 739; Gibson v. Gray, 43 S. W. Rep., 925; Sullivan v. Hampton, 32 S. W. Rep., 236; Hannan v. Fisher, 82 Mich., 188; Kyle v. Rippey, 26 Pac., 310; Roche v. Smith, 79 Am. St. Rep., 348; Runyon v. Wilkinson, 31 Atl., 390; Aigler v. Carpenter, 33 Pac., 593.

There being no time limit fixed in the option given Kibbe by appellant, the latter had the right thereafter to fix reasonable limit. As to Kibbe: Cunyus v. Hooks Lumber Co., 48 S. W. Rep., 1106; Neal v. Lehman, 34 S. W. Rep., 153; Washington v. Rosario Min. Co., 67 S. W. Rep., 465. As to Wilson: Evans v. Gay, 74 S. W. Rep., 575.

Where the matter inquired of is without the domain of opinion evidence, the witness must state facts, and he can not state conclusions upon the very issue before the jury. Bugbee Land and Cattle Company v. Brents, 31 S. W. Rep., 695; Randall v. Gill, 77 Texas, 351; Anderson Electric Company v. Cleburne, etc., Company, 57 S. W. Rep., 575; Moore v. Kennedy, 81 Texas, 147.

*Davidson & Bailey*, for appellee.—It is the duty of a trial court to instruct verdicts for the defendant when the testimony only is slight and its probative force only raises a surmise or suspicion of the existence of facts sought to be established; and it is also the duty of a trial court to determine whether the testimony has more than that degree of probative force, but if the testimony adduced upon the trial of the cause is conflicting and, so also, if the circumstances are such that reasonable minds might draw different conclusions respecting the plaintiff's right or the defendant's default, then he is entitled to go to the jury upon the facts and such issue should be by the court to them submitted. Whether there be any is a question for the judge, whether sufficient evidence is a question for the jury, and the trial court should take the case from the jury only when it is susceptible of but one just opinion. Joske v. Irvine, 91 Texas, 574; Lee v. International & G. N. Ry. Co., 89 Texas, 588; Lindsay v. Murphy, 48 S. W. Rep., 532; Marchand v. Gulf, C. & S. F. Ry. Co., 20 Texas Civ. App., 2; Berry v. Osborn, 52 S. W. Rep., 624; Ryder v. Wombwell, L. R. 4 Exch., 32; Fort Worth & R. G. Ry. v. Kime, 54 S. W. Rep., 240; Jones v. Roach, 54 S. W. Rep., 241; Board of County Commissioners v. Clark, 4 Otto, 278; Schuylkill, etc., Improvement Co. v. Munson, 14 Wall., 1442; Griggs v. Houston, 14 Otto, 553.

A petition which alleges a sale made by a land agent for his principal is supported by proof of his having procured purchasers ready, willing and able to take the land, and especially where the principal himself ratifies the sale and approves of the proposed purchasers' offer, accepts a part of the purchase money and executed a receipt therefor to such proffered purchasers, asserting the terms and conditions of such sale and the price which is to be paid for the land, and such instrument is not to be construed an option, but on the contrary, is evidence of the ratification of such sale by the principal and that, too, whether the proof shows the same to be an enforceable executory contract procured through appellant's agent or not. Wilson v. Clark, 79 S. W. Rep., 649; Gibson v. Gray, 17 Texas Civ. App., 663; Scottish-American Mtg. Co. v. Davis, 72 S. W. Rep., 217; Berg v. San Antonio Street Ry Co., 42 S. W. Rep., 647; Berg v. San Antonio Street Ry. Co., 43 S. W. Rep., 929; Smye v. Groesbeck, 73 S. W. Rep., 972.

REESE, ASSOCIATE JUSTICE.—Willett Wilson brought this suit against John Clark to recover $2,175, alleged to be due him as commissions for

selling land belonging to Clark, under an express contract, and also $325 for preparing certain abstracts of title of the land, in the aggregate $2,500.

It is alleged in the petition that appellant, who was the owner of a tract of 8,700 acres of land, employed appellee as an agent to sell the same, agreeing to give him two and one-half percent on the amount for which the land might he sold, as commissions. The agent was authorized to sell for not less than $10 per acre. That appellee at once began to use all efforts in his power to sell the land, and finally, on or about February 8, 1902, did sell the land to I. P. Kibbe, Levi Paul, and J. H. Dawson for $10 per acre; one-third cash when a survey of the land had been made, and title approved by the attorneys of said Kibbe and his associates, the balance to be paid in five years if desired by said Kibbe and associates in equal annual installments, with interest at seven percent. That said Kibbe paid to appellant $500 earnest money, and appellant thereupon executed to him his receipt as follows:

"The State of Texas,)
County of Calhoun.(

"This is to certify that I have this day received of I. P. Kibbe, for account of himself and associates, $500 as earnest money on the purchase from me of my ranch lands situated in Calhoun and Victoria Counties, consisting of about 9,200 acres of land (be the same more or less) said amount to be applied on cash payment of purchase price when abstracts are approved and title accepted by the attorneys for said Kibbe and associates; it being expressly understood that there is excepted in the sale of the above mentioned lands that portion of same on which the improvements and homestead of said John Clark is situated including about 500 acres of land. The said above described land I agree to sell to said Kibbe and associates at $10 per acre for actual number of acres to be conveyed, upon the following terms to say: one-third cash when survey of land has been made and title has been approved by said Kibbe and associates' attorneys; the balance to be paid in five years if desired by said Kibbe and associates in equal annual installments; said deferred payments to bear interest from date of execution and delivery of good and sufficient deeds with warranty of title and possession, at the rate of 7 percent per annum from the date until paid, it being understood that said Kibbe and associates are to have the right to take up and cash the said deferred payments at any time they may elect to do so. And it is further agreed that said earnest money is to be returned to said Kibbe and associates in the event title to said lands should not be approved by their attorneys and same can not be perfected within a reasonable length of time.

Dated this 8th day of February, 1902.

(Signed)   John Clark."

That appellant refused to make said sale in accordance with his contract, Kibbe, Paul and Dawson being ready, willing and able to take the land for the sum of $87,000 and pay for it as by them stipulated, and afterwards on May 26, 1902, settled with them for all damages

sustained by them on account of such refusal, as shown by a certain instrument executed by said Kibbe, Paul and Dawson as follows:

"The State of Texas,}
  County of Victoria.{
  "Know all men by these presents that: For good, valuable and sufficient consideration by us received from John Clark, of Calhoun County, Texas, to entire satisfaction, the undersigned to hereby release unto said John Clark, his heirs and assigns any and all rights acquired under certain option contract or agreement dated February 8, 1902, and executed by said John Clark as proposed vendor with I. P. Kibbe for himself and his associates, and providing for the purchase by said Kibbe and associates of about 9,200 acres of land of said John Clark in Calhoun and Victoria Counties, Texas, with the exception therein made of that part of said lands on which are the improvements and homestead of said John Clark, including about 500 acres, and we do further declare that we, the undersigned, are the only persons interested in said option contract and who have any rights whatsoever therein, and we declare that for said consideration and each and every right to a performance of said contract and each and every right in the lands therein embraced, and each and every right of any other character or nature whatsoever is hereby released unto said John Clark, and the latter is discharged and acquitted from all obligation to perform said contract and from any and all damages of any nature or kind arising from a failure to perform said contract and is released and discharged from any liability to us of any nature whatsoever arising by virtue of the execution of said contract or of the assumption of any undertaking therein made, or by reason of failure or default in the performance of same, and said option contract is entirely and completely by this instrument terminated, cancelled and annulled.

"It is understood that by the acceptance of this instrument said Clark does not admit that said Kibbe or said Kibbe and associates have any right whatsoever to require a performance of said contract, or that they have at this time any right whatsoever existing under said contract by the consideration which is paid for this release and this agreement which is now executed is in settlement of a threatened or prospective litigation.

"And the parties hereto subscribing further undertake to agree upon demand to return and deliver to John Clark or Proctors, his attorneys, all deeds, title papers and abstracts which were received by said I. P. Kibbe individually or by him for himself and associates from said Clark and pertaining to the lands mentioned.

"The said option contract alluded to is hereto attached.

"Witness our hands this 26th day of May, A. D. 1902.

(Signed) I. P. Kibbe,<br>
Levi Paul,<br>
J. H. Dawson."

It is further alleged that appellee at the special instance and request of appellant prepared certain abstracts of title, and that the reasonable value of his services in this work was $325. Appellant states in his brief that no complaint is made of the judgment for this latter amount.

Appellant answered by general demurrer and volumious special exceptions, and plead the general issue.

There were verdict and judgment for the plaintiff Wilson for the amount sued for, and defendant Clark appeals.

At the close of the evidence appellant moved the court to withdraw from the jury any issue as to the right of appellee to recover the two and one-half percent commissions sued for, on the ground that the evidence was not sufficient to warrant the court to submit such issue. The refusal of the court to withdraw this issue from the jury is assigned as error.

If the evidence was sufficient to create more than a surmise or suspicion of appellee's right to recover the commissions, it was proper to submit the issue to the jury. (Joske v. Irvine, 91 Texas, 574.)

The evidence shows that appellant employed appellee to sell the land and agreed to pay him two and one-half percent commissions. That appellee negotiated a sale with I. P. Kibbe, Levi Paul and J. H. Dawson for $10 per acre, one-third cash and the balance in five equal annual installments with interest at seven percent per annum; that appellee went with Kibbe to appellant when appellant executed the instrument of February 8, 1902, Kibbe paying appellant $500 earnest money. The evidence further shows that no sale was in fact ever made by appellant; that Kibbe, Paul and Dawson not having come up with the cash payment necessary to enable them to buy, on March 12, 1902, appellant complained to Kibbe of the delay and gave them until April 8, 1902, to consummate the purchase; that Kibbe and his associates still not coming forward with the cash to close the sale, appellant wrote to Kibbe on May 6, 1902, cancelling the contract, which he styled an option, embraced in the instrument of February 8, and withdrawing the offer to sell, and returned the earnest money with interest.

The evidence shows that Kibbe, Paul and Dawson were all men of very limited means, and of themselves entirely unable to pay the one-third cash necessary to consummate the sale, and that they depended entirely upon other parties, Rosholt, Rawson and Haber, with whom they had contracted to buy the property and who were to furnish the cash to make the first payment, they having in fact put up with Kibbe $1,000 covenant money.

So far the evidence is practically undisputed. There is in the record evidence tending to show that Rosholt, Rawson and Haber were men of large means amply able to pay for the land on the terms offered, and that they were ready and willing to do so. The evidence, however, does not satisfactorily account for their delay in coming forward with the money and consummating the sale, according to their agreement with Kibbe.

No sale having been in fact made, in order to entitle appellee to recover his commissions, it was necessary for him to procure a purchaser who was ready, able and willing to buy on the terms upon which he was authorized to sell, and that the failure to sell resulted from the fault of his principal. (Brackenridge v. Claridge & Payne, 91 Texas, 532.) The mere fact that appellant himself made the contract of February 8, with Kibbe did not entitle appellee to commissions. This evidenced nothing more than that Kibbe and his associates were willing to buy. Appellant had not employed appellee to get a man who would agree to buy,

but one who would buy, who was not only willing, but ready and able to buy, so that nothing but appellant's unwillingness or inability to sell would prevent a consummated sale. So the whole matter rests upon the fact as to whether Kibbe, Paul and Dawson were ready, able and willing to buy. It was not necessary that they should have been able independently of Rosholt, Rawson and Haber to make the cash payment, if in fact they could have gotten the money from them in the event appellant made the sale as set out in his contract. If Kibbe and his associates had arranged to sell the land to Rosholt, Rawson and Haber upon such terms as would have enabled them to consummate their purchase from appellant, and Rosholt, Rawson and Haber stood ready, able and willing to carry out such contract with Kibbe, and predicated upon this, Kibbe and his associates stood ready, willing and able to carry out their contract with appellant and consummate the sale upon the terms agreed upon, and the failure to complete the sale resulted from the fault of appellant, appellee would have earned and been entitled to his commissions. In such case appellant could have sold his land to purchasers produced by appellee, and it could not have concerned him from whom or by what means they got the money. We can not agree with appellant in his contention that the purchasers must have not only been able to make the cash payment of one-third, but must also have been of such financial responsibility that their notes for the balance would have been good and collectible irrespective of the lien on the land. The large cash payment required would have been a sufficient security; and besides, if appellant had intended to require a purchaser who was able not only to make the cash payment but to make good notes, independently of the vendor's lien, for the balance, he should have so stipulated in his contract with appellee. It must be kept in mind, however, in addition to what has been said, that in as much as the ability of Kibbe, Paul and Dawson to buy depended absolutely upon, not only the ability, but the readiness and willingness of Rosholt, Rawson and Haber to buy from them, appellee would be required to affirmatively prove not only the readiness, willingness and ability of Kibbe and his associates, but of Rosholt and his associates also.

We think there was sufficient evidence to require the court to submit to the jury the issue of the right of appellee to recover commissions.

This case is clearly distinguished from Armstrong v. O'Brien (83 Texas, 648) and O'Brien v. Gilliland (23 S. W. Rep., 245). In the transaction which was under discussion in those cases, Dart, who occupied about the same relative position to the matter here occupied by Kibbe, Paul and Dawson, had agreed to buy for cash, and had arranged to sell to Lutcher & Moore for part cash, and depended upon being able to cash their notes to raise the money to enable him to buy. In the present case appellee contends that Rosholt, Rawson and Haber had agreed to buy and were prepared to buy on the terms proposed by appellant, paying one-third cash, and we conclude that there is some evidence which tends to support this contention.

With the additional statement that the charge of the court does not seem to us to be upon the weight of the evidence, in the matter complained of in the third assignment of error, what has been said disposes

of the third, fourth, fifth, seventh, eighth and tenth assignments of error.

The court was not required in its charge to the jury to construe the instrument of February 8, executed by appellant. As it appears to us this instrument has very little bearing upon the question of the right of appellee to recover commissions. Appellee does not seem to have based his right to recover upon the execution of this instrument. There seems to have been some dispute as to the proper name to be given to this instrument, that is, whether or not it was an option, but as to its nature and legal effect there does not seem to have been any disagreement. It was an enforceable agreement on the part of appellant to sell on the terms indicated in consideration of the earnest money, but not enforceable against Kibbe.

We do not understand the court to have submitted to the jury the issue as to the sale of the land to Kibbe, in the sense in which appellant seems, in his brief, to think the word sale was used. The court intended, and the jury must have understood, not that appellee claimed to have sold the land, but only that he had procured a purchaser. If there should be any controversy upon another trial as to the legal effect and meaning of this instrument, the court should instruct the jury thereon.

Special charge No. 6, requested by appellant, should have been given. This charge is as follows:

"If you believe from the evidence that the time which elapsed between February 8, 1902, and May 6, 1902, was a reasonable time for Kibbe and associates Paul and Dawson to have completed this trade, if they had been financially able so to do, you will find for the defendant."

No time having been stipulated by appellant in the instrument of February 8, executed by him to Kibbe, within which the contemplated purchase should be consummated, the law will infer that it should be done within a reasonable time. (Searcy v. Hunter, 81 Texas, 647; 22 Am. and Eng. Ency. of Law, 971, 585; 21 Am. and Eng. Ency. of Law, 993.) This is a question of fact, and should have been submitted to the jury. As before said, appellant did not employ appellee and agree to pay him a commission to find a man who would agree to buy the land, or who was willing to buy. He wanted a purchaser, not a man who would agree to become a purchaser, a man who would pay $29,000 cash and give his notes for the balance of the $87,000, and not a man who would put up $500 earnest money and stop at that. If Kibbe and his associates did not or could not come forward in a reasonable time with the cash ready to consummate the sale, appellant had a right to return the earnest money and cancel the contract. It can not be supposed that it was ever his intention, nor did he ever agree, to wait indefinitely upon the proposed purchasers to put themselves in a condition to buy. Neither his contract with Kibbe nor with appellee required him to do so.

The instrument of May 26 executed by Kibbe, Paul and Dawson to appellant, copied herein, was admissible in evidence for the purpose of showing that at that date Kibbe, Paul and Dawson were insisting upon their right to complete the purchase, but was not admissible to show a recognition of their right to do so by appellant, or for any other purpose, so far as we can see, except the one indicated. (Wilson v. Clark,

79 S. W. Rep., 650.) The charge requested by appellant so limiting the effect of this instrument as evidence should have been given.

There was also error in giving the special charge No. 1, requested by appellee, as set out in the thirteenth assignment of error. We understand the law to be that if no sale is in fact made, the broker is entitled to his commission if he procures a person ready, willing and able to buy upon the terms proposed, not, as charged, if the failure to consummate the sale is not the fault of the broker, but if such failure is the fault of his principal. The two propositions are materially different. (Brackenridge v. Claridge, 91 Texas, 532.)

It was not error to admit in evidence the answer of the witness Kibbe, in answer to cross interrogatory No. 8, in which he was asked whether he and his associates were ready, willing and able to comply with the terms of sale, as set out in the fourteenth assignment of error. To the question the witness answered "Yes." We do not think that this was the expression of the opinion of the witness merely, nor was it an invasion of the province of the jury, any more than any testimony can be said to be such invasion. It is always the province of the jury to find whether a fact exists, nevertheless a witness may testify that it does, without being said to invade their province. Neither was the interrogatory objectionable in using the terms "associates," by which witness must have understood the persons associated with him in the purchase from appellant, and not the persons to whom they were to sell. This disposes also of the fifteenth assignment of error with regard to the admission in evidence of a like interrogatory to J. H. Dawson and his answer.

From what has been said in the opinion it will be seen that we conclude that the ability of Rosholt, Rawson and Haber was material, as upon it rested and might properly rest the ability of Kibbe, Paul and Dawson. In this view it was not error to admit evidence as to the ability of these parties to carry out this trade. The sixteenth assignment of error is overruled. The seventeenth assignment is without merit. The eighteenth is a repetition of the thirteenth.

Rawson & Company had sued Kibbe in the County Court of Victoria County to recover the $1,000 which had been advanced to Kibbe, or paid as earnest money on the trade for the Clark land, and Kibbe had filed an answer in that suit, certain allegations of which tended to show that the trade with appellant had failed of consummation through the fault of Rawson, Rosholt and Haber. Appellant propounded interrogatories to Kibbe attaching thereto a certified copy of this answer of Kibbe in the suit referred to, and in one of the interrogatories Kibbe was asked to examine the third subdivision of said answer, and to point out any facts stated therein which were not correctly stated, and if all of the facts were correctly stated to so state, and in any event to point out clearly and precisely what portions of said subdivision were true and what portions, if any, were untrue. To this interrogatory Kibbe replied making one or two immaterial corrections and stating that the remainder of the answer was in substance true and correct. Appellant then offered in evidence the answer, and in connection therewith the pleading referred to attached to the interrogatories. To this evidence appellee objected on the grounds that the answer was a pleading in a

suit in a different court, to which appellant was not a party; that the interrogatory is leading and thereby appellant seeks to impeach his own witness; that the interrogatory calls for the conclusions of the witness, and because the evidence is immaterial and irrelevant.

So much of the answer as states matters of fact is both relevant and material. It was offered only in connection with the statement of Kibbe that the statements were true, and the answer or subdivision thereof thus introduced stands on the same footing as though Kibbe had in his answer to the interrogatory made the statements set out in the pleading and stated by the witness to be true. These statements so far as they purport to relate to matters of fact are material upon the issue as to whether Rosholt, Rawson and Haber were in fact ready and willing to take the land on the terms proposed by appellant, and thus enable Kibbe, Dawson and Paul to consummate their trade. Without such readiness and willingness, as well as ability, on the part of Rosholt, Rawson and Haber, it is made clear by the evidence that Kibbe, Paul and Dawson were not able to take and pay for the land. The evidence should have been admitted, except such conclusions of law as are stated by the pleader.

The last assignment attacking the judgment as being contrary to the law and the evidence presents only such questions as have already been passed upon, and must be overruled.

Appellant, in his brief, states that no complaint is made as to the judgment for $325 for making abstracts, and the judgment as to that item is affirmed. For the errors indicated the judgment for $2,175 commissions is reversed and the cause remanded, at cost of appellee.

*Affirmed in part.*
*Reversed and remanded in part.*