## MITCHELL v. CROSSETT.

(Court of Civil Appeals of Texas. Amarillo. Jan. 13, 1912. Rehearing Denied Feb. 10, 1912.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW—VERDICTS—CONCLUSIVENESS.

A verdict upon conflicting evidence is conclusive on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. TRIAL (§ 143*)—QUESTIONS FOR JURY—CONFLICTING EVIDENCE.

Where the evidence is conflicting, a peremptory instruction is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

3. BROKERS (§ 53*)—COMPENSATION—RIGHT TO.

Where a real estate broker with whom land was listed for sale interested another broker, who consummated a sale, the first one was entitled to a commission only if he was the procuring and efficient cause of the sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 74; Dec. Dig. § 53.*]

4. EVIDENCE (§ 122*)—RES GESTÆ—DECLARATIONS.

In an action by a broker for compensation, evidence of his conversations with the parties with whom he negotiated the sale and with the vendor's wife, who told him that the vendor would agree to whatever a co-owner decided, was admissible as res gestæ, tending to show the services of the broker.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 339–350; Dec. Dig. § 122.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by Don A. Crossett against Frank Mitchell. From a judgment for plaintiff, defendant appeals. Affirmed.

Madden, Trulove & Kimbrough, F. M. Ryburn, and H. C. Pipkin, for appellant. Reeder & Dooley, for appellee.

HALL, J. Appellee instituted this suit in the county court of Potter county against appellant to recover commissions, alleged to be due him upon the sale of part of a certain section of land. Appellant listed the land with appellee for sale at $40 per acre, agreeing to pay 5 per cent. commission therefor. Appellee, in his efforts to dispose of the land, learned that the American-Canadian Land Company had some prospective purchasers for lands of the kind and character of that listed with him by appellant. He procured the Texas agent for said company to inspect the lands, and the parties composing said land company, at appellee's request, accompanied appellee to the office of J. H. Wills, who was part owner of the land, where an option contract was drawn up, giving the American-Canadian Land Company the right to sell the land, or any portion thereof, at $40 per acre, any time within four days from the date of the contract, allowing as commissions $1 per acre, or all that could be obtained over $39 per acre, for their services. This written contract expired without a sale of the land having been effected. A few days afterward, as testified by Livingstone, the Texas agent for said land company, this contract was extended by a parol agreement between the said agent and Wills, and a sale of one-half of said section was made, without the knowledge of appellee, for a recited consideration of $40 per acre. Appellant and Wills paid the American-Canadian Land Company commissions at the rate of $1 per acre, refusing to pay appellee any part thereof.

[1] Appellant contends that the option contract entered into, in writing, expired; and that the verbal contract entered into with Livingstone two days afterward was entirely a new and independent undertaking, with which appellee had no connection. It appears from the evidence that the written contract was entered into with the expectation of selling the land to a purchaser by the name of Gardner before the expiration of the time limited therein, and that Gardner failed to purchase any part of the land; that thereafter the parties who did purchase the half of the section came to Amarillo, and as soon as Livingstone ascertained that he could possibly sell to them he called on

Wills and, according to his version of the matter, had the option extended. Appellant, as stated, insists that it was not an extension of the original option agreement, but an entirely different undertaking. This issue was submitted to the jury under proper instructions, and the effect of their finding is that the verbal arrangement between Wills and Livingstone was simply an extension of the option contract, and is conclusive upon appellant.

[2, 3] Appellant in his brief, under his first assignment, insists that the jury should have been peremptorily instructed to return a verdict for him. That assignment will be overruled.

The second assignment complains that the court erred in paragraph No. 1. We think this paragraph succinctly and correctly presents the issues to the jury. The right of appellee to recover is made to depend upon the fact as to whether or not he was the procuring and efficient cause of the sale. While it is true that appellee did not find the purchasers ready, willing, and able to buy, and who did actually buy, the premises, it was through his efforts in bringing the American-Canadian Land Company and the appellant's co-owner, Wills, together; and that thereafter the sale was ultimately made to prospective purchaser procured by said land company. Appellant contends that said company was the procuring cause, and not appellee, and there is some force in the contention. There is a good deal of testimony in the record bearing upon the connection of appellee with the transaction, and touching his efforts to enable appellant to dispose of the property. It being the right of the jury to pass upon the question, we cannot, as insisted in appellant's second, third, fourth, fifth, sixth, and seventh assignments, disturb such finding.

[4] Appellant's eighth assignment complains of the action of the court in permitting appellee to testify that he saw Mr. Livingstone, who told him that his company was needing some lands close to Amarillo, as they had a purchaser for lands of this character.

The ninth assignment complains of a conversation had between appellee and Wright and Van Meter, who composed said American-Canadian Land Company, to the effect that they could not handle the lands at $40 per acre; that they thought they were entitled to $1 per acre on the deal, and if appellee could let them have it at $38 per acre they could make a deal with their party.

The tenth assignment relates to the admission in evidence of a conversation between appellee and appellant's wife over the phone, in which appellee was endeavoring to find appellant, and was informed by appellant's wife that he was out of the county. The bill of exception shows that appellant's wife told appellee that appellant wanted to sell the land very badly, and to see J. H. Wills, and whatever Mr. Wills would do would be all right, to which appellee replied that he would rather not deal with Mr. Wills, as he was a real estate man, but preferred to deal with appellant direct; whereupon appellant's wife said to go ahead, take the matter up with Wills, and whatever he did would be all right with appellant.

The eleventh assignment of error complains of the action of the court in permitting appellee to state that his purpose in getting J. H. Wills and the American-Canadian Land Company together was because he knew if he could get them together, and get them to agree upon terms, that a sale could be made of appellant's lands. The principal objection urged to all this testimony is that a party cannot give in evidence his own declarations, made to third persons, in regard to particular facts, when the adverse party is not present. This testimony is all admissible as tending to show the efforts made by appellee to comply with the contract and procure a purchaser for the land. It is not subject to the objection urged against it, because it is part of the res gestæ. If appellant's objection should be sustained, and was the proper rule in such cases, proof of compliance with the terms of a real estate brokerage contract by the broker would be rendered practically impossible, and would require the broker to bring prospective purchasers into the presence of the owner of the premises for the purpose of carrying on the negotiations, and such is not the law. Luhn v. Fordtran, 53 Tex. Civ. App. 148, 115 S. W. 667; Clark v. Wilson, 41 Tex. Civ. App. 450, 91 S. W. 627; Leuschner v. Patrick, 103 S. W. 664; Ross v. Moskowitz, 100 Tex. 434, 100 S. W. 768.

There being no reversible error, the judgment is affirmed.

GRAHAM, C. J., not sitting.