### COVINGTON REALTY CO. v. REEDY.
(No. 6533.)

(Court of Civil Appeals of Texas. San Antonio. March 23, 1921. Rehearing Denied April 13, 1921.)

Brokers ⚖==82(1) — Petition in suit for commissions held sufficiently to allege that purchaser could pay cash.

In an action by a broker for commission for procuring a purchaser, the petition *held* good against demurrer, sufficiently alleging that the purchaser could pay cash, notwithstanding statements as to the contract whereby the broker was to procure a loan for the purchaser, so that the defense that the purchaser could not pay cash must be raised by answer.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by W. C. Covington, doing business under the name of the Covington Realty Company, against Clarke Reedy. From a judgment for defendant, demurrer having been sustained to the petition and the same dismissed, plaintiff appeals. Reversed and remanded.

Dilworth & Marshall, of San Antonio, for appellant.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellee.

FLY, C. J. Appellant sued appellee for commissions in the sum of $242.50, alleged to be due for procuring a purchaser, ready, willing, and able to pay the purchase money for certain lots in the city of San Antonio. The court sustained a general demurrer to the petition, and dismissed the cause, and from that judgment this appeal has been perfected.

It was alleged in the petition that W. C. Covington was doing business under the name of the Covington Realty Company, and that appellee is a feme sole, who owned two lots of land in the city of San Antonio; that appellee, on November 24, 1919, employed appellant to procure a purchaser for said lots, the purchase price to be $3,000 in cash and the remaining $2,000 in deferred payments: that afterwards, about April 12, 1920, the agreement changed so that the purchase money of the lots was to be $4,850, all cash, and appellee agreed to pay appellant 5 per cent. on that sum for procuring a purchaser. Appellant further alleged:

"That in pursuance of said agreement, plaintiff undertook to procure a purchaser for said property, and that he did, on or about the 23d day of April, A. D. 1920, procure a purchaser, to wit, one G. H. McElroy, who was ready, willing, and able to purchase said property and to pay said sum of $4,850 in cash therefor, and who entered into a valid and binding written contract to purchase said property from defendant upon said terms and for said price, a copy of which agreement is hereto attached and marked 'Exhibit A' for identification, and made a part hereof the same as if it were copied herein in full.

"That as a part of said contract with said McElroy, plaintiff agreed to procure a loan for said McElroy on said premises in the sum of $2,500, and that plaintiff was willing and able to obtain such loan upon the consummation of the sale of said property.

"(6) That by the obtaining of said purchaser for said property for the price and upon the terms specified and required by the defendant, plaintiff fully performed his said contract of employment, and became entitled to his said commission of 5 per cent. upon the contract sale price of said property, the same being the sum of $242.50.

"(7) That after plaintiff had obtained such purchaser as aforesaid, defendant wrongfully and willfully refused to convey said premises to said purchaser, although said purchaser was ready, willing, and able to purchase same upon the terms and for the price same were listed with plaintiff by defendant."

In this contract with McElroy referred to in the petition is the following provision:

"This deal is made subject to the Covington Realty Company floating a loan on the above-described property for $2,500.00 note to run 5 years with privilege of paying off in three years, said note to draw 8 per cent."

It is the contention of appellee that the condition in the contract between appellant and McElroy as to the loan destroyed the other allegations in the petition as to the purchaser being ready to pay cash, and left it without any showing of liability upon the part of appellee. There is in the petition a clear allegation that a purchaser was obtained who was ready, willing, and able to pay in cash the purchase money desired, and that was sufficient to present the issue as to the services having been performed. In addition to that appellant alleged that the the condition as to the $2,500 could and would be met, and that if appellee had not refused to consummate the sale the cash would have been paid. It was a matter of defense as to McElroy not having the cash to pay for the land. Syme v. Groesbeck, 73 S. W. 972; Clark v. Wilson, 41 Tex. Civ. App. 450, 91 S. W. 627. The petition raised a question of fact for the determination of a jury.

The judgment is reversed, and the cause remanded.