**PENCE v. ROSING et al.**
No. 3762.

Court of Civil Appeals of Texas. El Paso.
Nov. 3, 1938.

Rehearing Denied Nov. 23, 1938.

McKenzie & Gamble and Sam B. Gillett, all of El Paso, for appellant.

Potash & Cameron, of El Paso, for appellees.

WALTHALL, Justice.

This suit was brought by George Pence, a real estate broker, as plaintiff, against William Rosing, Will Holt and Wess Hammet, as defendants, in which he alleged that in December, 1936, defendant William Rosing listed with him for sale his farm consisting of about eighty acres of land in El Paso County and fully described in the petition; that in listing said land with plaintiff defendant Rosing employed him, plaintiff, to find for him a purchaser for his said farm at $16,000; that in listing said farm the sale price was agreed upon and the price was fixed by defendant Rosing at $16,000, and that plaintiff was then authorized by Rosing to find a purchaser for said farm who was ready, able and willing to purchase the farm at said price, the terms of sale to be fixed by Rosing at the price stated, and that plaintiff's commission for procuring such purchaser was five percent of the gross sale price, a reasonable commission; that thereafter, in compliance with said listing with him, plaintiff procured in defendant Will Holt a purchaser ready, able and willing to buy said farm at said price and on terms suitable to Rosing; plaintiff alleged that he told Holt that Rosing had listed the farm with him for sale at the price stated and that Rosing would fix the terms, and at said price; that Holt then and there agreed with plaintiff to purchase said farm at said price, and that he would at once contact Rosing for the terms at said price; that Holt did contact Rosing and did offer to buy the farm at $16,000 on terms fixed by Rosing.

Defendant Rosing answered by general denial; denied that he listed the land for sale with plaintiff; denied that plain-

tiff found a purchaser for the land who was ready, able and willing to buy the property upon terms agreeable to him, or upon terms at which plaintiff was authorized to sell; and denied that any sale of the land ever took place.

From the view we take of the case we need not state plaintiff's cause of action pleaded against Holt and Hammet.

On the trial with a jury the jury found on special issues submitted: (1) William Rosing authorized George Pence to find a purchaser for the land described at the price of $16,000; (2) one of the terms upon which the sale was authorized was that the terms of payment must be such as Rosing would agree to; (3) that one of the terms insisted on by Rosing before he would agree to sell the land to Holt, was that Holt would satisfy or agree to satisfy, as a part of the $16,000 purchase price, the claim for commission made by Pence; (4) Holt and Rosing did not come to agreement satisfactory to both for the sale and purchase of the land described in plaintiff's petition; (5) the jury made no answer to the inquiry submitted; "Do you find from a preponderance of the evidence that George Pence was the procuring cause of such agreement."

On special issues submitted by Rosing the jury found that Holt and Rosing did not come to an agreement on the purchase and sale of the land for the reason that Holt would not pay enough cash to satisfy the claim of Pence for a commission or take care of his commission as a part of the $16,000 purchase price.

In due time plaintiff filed and presented a motion for judgment notwithstanding the verdict. The court rendered judgment that plaintiff take nothing.

The court overruled plaintiff's motion for a new trial and plaintiff appealed.

### Opinion

We have stated the findings of the jury. The sufficiency of the evidence to sustain each finding is not controverted. The evidence shows that Pence showed the land to Holt, who was at that time familiar with it but then became interested in the purchase; Holt went at once to interview Rosing and told him that Pence had showed him the land. The following conversation took place: Holt said to Rosing, "Mr. Rosing, what will you sell me that eighty acres of land down there for?" "He says '$16,000.00.' I says, 'What would be your best terms, Mr. Rosing?' He says, 'I don't know, I might sell you that place for $16,000.00 with nothing down for two years.' 'Well,' I said, 'Mr. Rosing, I accidentally went to this place with Mr. Pence, and I expect he is going to claim a commission if we were to make a trade.' Mr. Rosing then immediately said, 'I couldn't do that, then.' He said 'you would have to satisfy Mr. Pence, but' he said, 'anything you and Mr. Pence do will be absolutely O. K. with me.' So I said, 'all right,' and that was just about as far as I went with Mr. Rosing—that is about the extent of our conversation."

The purchase and sale between Holt and Rosing proceeded no further than the above.

The evidence shows that Rosing offered the property for sale to Holt for $16,000, the price being satisfactory to Holt, but with the condition that Holt would take care of Pence's commission as a part payment on the purchase price, which Holt refused to accept. Rosing was not willing to pay the $800 commission when no cash was to be paid on the purchase, and Holt was not willing to pay the commission as a part of the purchase price.

If we leave out of the case the provision that the terms of the sale were thereafter to be fixed by Rosing, and that the purchaser must be ready, able and willing to purchase on such terms as Rosing might see proper to fix so that the amount to be paid was not increased beyond the price at which the property was listed with Pence, we think that on such consideration and under the evidence, Pence would be entitled to recover. But such a case is not before us. In stating his terms of sale to Holt Rosing certainly had the right to require that any portion of the price agreed upon should be paid at such time or times as he might name, and the purchaser must be ready, able and willing to comply with such terms. Here, Rosing, in stating his terms of sale to Holt, required that Holt take care of, that is, pay or satisfy the Pence commission. Holt could do that by paying as much or little of the purchase price as was necessary to pay the commission. He testified he did not accept that offer. The record shows he made offers to Pence which were not accepted. Holt did not, and was not willing to, pay to Pence enough of the purchase price to satisfy the commission. No sale was made.

The result was, as we construe it, Pence did not produce a purchaser who was willing to buy the farm on terms agreeable to Rosing, and as found by the jury in one of the issues submitted. Such condition .of fact leaves the contract of sale unenforceable. Jackson v. Biggerstaff & Perkins, Tex.Civ.App., 168 S.W. 42; Clark v. Wilson, 41 Tex.Civ.App. 450, 91 S.W. 627.

We have reviewed the other propositions presented, but, in view of the disposition we have concluded to make of the case, will not discuss them. They are overruled.

The case is affirmed.