PRESIDENT, DIRECTORS & COMPANY OF THE APPLETON BANK *vs.* DAVID F. McGILVRAY & others.

A note was delivered to a carrier with instructions to " collect it in the ordinary way," and he deposited it in a bank for collection, that being one of his usual ways of collection, though it did not appear that his employer knew it. When the note fell due, the bank, not having placed it with their notes for collection, supposed that it had been paid, when in fact it had not, and paid the amount thereof to the carrier, who paid it to his employer. *Held,* that the latter was liable to the bank in an action for money had and received, although he had no notice of the mistake, or of the fact that the note had been left with the bank for collection, until four days after it became due.

ACTION OF CONTRACT to recover $370.42, received by the defendants to the plaintiffs' use.

At the trial before *Bigelow,* J., the plaintiffs, to prove their case, called a witness, who testified that he had been an expressman between Boston and Lowell for eleven years, and that was his whole business ; that sometime previous to April 7th 1854 he received for collection from the defendants, a partnership doing business in Boston, two notes of J C. Hildreth & Co., a

Appleton Bank *v.* McGilvray & others.

partnership doing business in Lowell, for $370.42 each, the one due on the 7th and the other on the 13th of April, and both pay- able to the defendants, and indorsed in blank by them; and was directed to collect them in the ordinary way, without any direc- tions as to protesting them, and gave his receipt therefor; that it was sometimes his custom to collect notes by depositing them in a bank, and sometimes by calling on the parties personally, though he did not communicate to the defendants how he was going to collect their notes, and did not know that they knew he ever collected notes delivered him through the banks; that before the 7th of April he deposited the notes with the plaintiffs, a bank in Lowell, for collection; that on the 8th of April he called on the plaintiffs, and asked if the note due the day before had been paid, and was informed by a clerk of the plaintiffs that it had been, and received the amount of it from the plaintiffs; that the plaintiffs received no compensation for collecting these notes, and he did not communicate to the plaintiffs, when he left the notes, to whom they belonged; that he took the money so paid, and the same day paid it to the defendants, but did not remember telling the defendants, when he paid them the money, that he collected it through the plaintiffs or any bank; and the defendants paid him for his services.

The plaintiffs also proved that, by reason of the notes not hav ing been placed on their regular file, they had not notified Hil- dreth & Co., the promisors, of the maturity of the first note, and their clerk was led into the mistake of supposing that it had been paid, when in fact it had not, and has never been paid to any one; that on the 10th of April, as soon as the mistake was discovered, the plaintiffs demanded payment of the promisors, who refused, and on the 11th of April these facts were commu- nicated to the defendants, and the note tendered them, and the money they had received from the carrier demanded by the plaintiffs, and refused by them.

It was also proved that the promisors had not funds to pay the note when due on the 7th of April, and had determined not to pay it, and would not have paid it, if presented; that after the 7th they paid no business debts, (this being one,) and no change

took place in their circumstances; but they continued in posses-
sion of a stock of dry goods until the 17th of April, when they
were sued by the defendants on the note which fell due on the
13th of April, and an attachment of their stock made, which
was afterwards dissolved by an assignment of their estate
under the insolvent laws; and the second note was never paid,
but was proved in insolvency against their estate.

Upon these facts, the defendants contended that there was no
such privity or agency proved to have existed between the par-
ties, as to enable the plaintiffs to maintain this action; and that,
as the mistake arose from the negligence of the plaintiffs, they
had no remedy against the defendants. A verdict was taken by
consent for the plaintiffs, subject to the opinion of the full court.

*D. S. Richardson & W. A. Richardson*, for the plaintiffs.
Money paid under a mistake of fact may be recovered back.
*Garland* v. *Salem Bank*, 9 Mass. 408. *Lucas* v. *Worswick*, 1 M.
& Rob. 293. *Bank of Orleans* v. *Smith*, 3 Hill, 560. *Utica
Bank* v. *Van Gieson*, 18 Johns. 485. *Tybout* v. *Thompson*, 2
Browne, 27.

Money comes into every one's hands on an implied promise
to pay it back to the real owner on demand, unless the possessor
can set up a legal right to hold it against one of those through
whom it passed from the owner to him. The carrier had no
interest in this money, and the defendants acquired none by
receiving it from him. Thus in the hands of the defendants it
*ex æquo et bono* belonged to the plaintiffs, and when the defend-
ants were informed of the facts, and it was demanded of them,
they no longer had any legal or equitable right of retaining it,
even against the carrier, for it was not the proceeds of their debt;
and the law at once created the privity and the promise to pay it
back to the real owner. There is no need of any other privity.
*Hall* v. *Marston*, 17 Mass. 575. *Mason* v. *Waite*, 17 Mass. 563.
1 Cranch, 439–442. *Eagle Bank* v. *Smith*, 5 Conn. 75. *Dick-
son* v. *Cunningham*, Mart. & Yerg. 221. *Pierce* v. *Crafts*, 12
Johns. 90. *Buller* v. *Harrison*, Cowp. 566.

If any other privity is necessary, the jury might well infer
from the evidence an authority to the carrier to collect either

personally or through a bank. *Fabens* v. *Mercantile Bank*, 23 Pick. 330.

The negligence of the plaintiffs could not take away their remedy; but 'could only make them liable to make good to the defendants the damages caused thereby; and the evidence shows that here was no such damage.

*J. G. Abbott,* for the defendants. There was no privity of contract between the plaintiffs and defendants; and no facts are proved from which any such privity can be implied. The plain-tiffs were mere servants of the carrier; the contract was entirely between the carrier and the defendants; they knew nothing of the custom of collecting through a bank, gave him no authority, express or implied, to employ a sub-agent, and were not informed that the money they received came from the plain-tiffs. Chit. Con. (8th Amer. ed.) 523. *Jones* v. *Carter*, 8 Ad. & El. N. R. 134. *Steptans* v. *Badcock*, 3 B. & Ad. 354. *Robbins* v. *Fennell*, 11 Ad. & El. N. R. 248. *Cobb* v. *Becke*, 6 Ad. & El. N. R. 930. *Clarke* v. *Shee*, Cowp. 200. *Lime Rock Bank* v. *Plimpton*, 17 Pick. 159. *Bloomer* v. *Denman*, 12 Ill. 240.

The payment was made by the carelessness of the plaintiffs, and they cannot make their own carelessness a ground of recovery.

If necessary, it is to be presumed that the defendants were p.aced, by the plaintiffs' negligence, in a different situation as to the notes. And they were, in fact, deprived for four days of the right of action on the note, which accrued to them when it fell due; and that right cannot be restored.

BIGELOW, J. The objection that this action cannot be main-tained, for want of privity between the parties to the suit, is not sustained by the proof. The rule of law is well settled, that, in the absence of any authority, either express or implied, to employ a sub-agent, the trust committed to an agent is exclu-sively personal, and cannot be delegated by him to another, so as to affect the rights of the principal. In such case, if the agent employs a substitute, he does it at his own risk, and upon his own responsibility. The agent only is liable to the principal, and the sub-agent is responsible solely to his immediate em-

44 *

ployer; nor can the principal be liable for the acts of the sub-agent. There is no privity between them, upon which any mutual rights and remedies can be based.

But this general rule is always subject to be modified by the peculiar circumstances of each particular case, from which, or from the usage of trade, a power to delegate an authority can be inferred. Story on Agency, §§ 14, 388.

In the case at bar, it appears that the defendants delivered the note for collection to the carrier with directions " to collect it in the ordinary way," and that it was his custom to collect notes by depositing them in a bank, as well as by calling on the parties personally. The directions given by the defendants were equivalent to an authority to adopt either of the modes of collecting the note, which the carrier was in the habit of using, and well warranted the jury in finding that the plaintiffs were duly employed as the agents of the defendants in this particular transaction. We cannot doubt that if the carrier had died or become insolvent before payment to him of the amount collected by the plaintiffs, the defendants, upon disclosure of the agency, would have had a good claim therefor against the plaintiffs. The privity necessary to make the parties liable to each other is created by the authority to employ a sub-agent, which is fairly to be inferred from the evidence.

This view of the legal relation of the parties is decisive of the remaining objection to the plaintiffs' right of recovery in this action. The money was clearly paid over to the defendants under a mistake of fact, and, upon familiar principles, an action can be maintained to recover it back. It is no answer to the plaintiffs' claim, that the mistake arose from the negligence of the plaintiffs. The ground on which the rule rests is, that money, paid through misapprehension of facts, in equity and good conscience belongs to the party who paid it; and cannot be justly retained by the party receiving it, consistently with a true application of the real facts to the legal rights of the parties. 2 Saund. Pl. & Ev. (2d ed.) 394. The cause of the mistake therefore is wholly immaterial. The money is none the less due to the plaintiffs, because their negligence caused the mistake under

which the payment was made. The case would have been dif ferent, if it had appeared that the defendants had suffered any damage, or changed their situation as respects their debtor, by reason of the laches of the plaintiffs. But the facts show that their rights were wholly unaffected by the mistake under which the payment was made. Nothing occurred subsequently to the payment, which renders it unconscientious to recover the money back. It is therefore clear that the defendants have money belonging to the plaintiffs in their hands, to which they show no legal or equitable title. *Kelly* v. *Solari*, 9 M. & W. 54. *Bell* v. *Gardiner*, 4 Man. & Gr. 11. 2 Smith's Lead. Cas. 243, 244.

*Judgment on the verdict.*