ALFRED T. EASTLAND ET AL. v. H. MANEY, SR.

Decided May 18, 1904.

1.—Principal and Agent—Subagent.

Where an agent employed to sell land situated in this State is a resident of another State, it is a fair presumption that a sale by a subagent is contemplated and the principal is bound 'for his compensation.

2.—Pleading—Authority of Agent.

Allegations in a petition that an agent employed to sell land was a nonresident, and the subagent a resident of the county in which the land lay, were sufficient to admit proof of the authority of the agent to employ a subagent.

3.—Evidence—Answer of One of Several Defendants.

The answer of one of several defendants stating the substance of letters written by him was properly admitted, as to him, and if other defendants desired its effect confined to him they should have asked the court to so restrict it.

4.—Agency—Evidence Insufficient to Show.

Evidence held insufficient to show agency and, therefore, no authority of the alleged agent to employ a subagent.

5.—Same—Evidence—Declarations of Agent.

Letters of an agent to a subagent should not be admitted in evidence to show his agency, in the absence of other proof, being an attempt to prove agency by the antecedent declarations of the agent.

6.—Charge—Harmless Error.

An erroneous charge is harmless where it appears that the jury disregarded the erroneous instruction and did not act upon it.

Appeal from the District Court of Frio. Tried below before Hon. E. A. Stevens.

R. W. Henderson and F. B. Earnest, for appellants.

W. A. H. Miller, Mason Maney, and C. A. Davies, for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee instituted this suit against F. A. Hihn, as agent of the heirs of Thomas B. Eastland, deceased, to recover the sum of $664.20, alleged to be due as commissions for the sale of a tract of land in Frio County. A writ of attachment was levied upon the land. Alfred T. Eastland, Josephine Eastland, Fredrika Eastland, Joseph L. Eastland, Thomas B. Eastland and Van L. Britton, residents of the State of California, intervened in the suit and alleged that they were the owners in fee simple of the land, concerning the sale of which appellee claimed commission; that Hihn owned no interest in the land; that he was never at any time authorized by them to make any contract of sale of their land, and that the only authority he had was to receive and submit to them any offers for the purchase of the land for them to accept or reject as they saw proper. Exceptions were also urged to the petition, which were overruled by the court. No answer was filed by Hihn. A trial by jury resulted in a verdict and judgment in favor of appellee against the interveners, Alfred T. Eastland, Josephine Eastland, Joseph L. Eastland and Van L. Britton, in

the sum of $583.07, and in favor of Fredrika Eastland, Thomas B. Eastland and F. A. Hihn.

It is a general rule of the law that in the absence of any authority, express or implied, an agent has no authority to employ a subagent, the trust committed to him being personal, and he can not delegate it to another so as to affect the rights of the principal. There are, however, exceptions and modifications of the rule growing out of the necessities and exigencies of a case, or based upon the custom or usage of trade in like cases. There are instances when the employment of subagents is essentially necessary in order to execute the agency, and the authority of the agent will be construed to include the necessary and usual means to properly execute it. Bodine v. Insurance Co., 51 N. Y., 123; Dorchester Bank v. New England Bank, 55 Mass., 177; Bank v. McGilvray, 70 Mass., 518.

At the time of the employment of appellee it was alleged that Hihn and Alfred T. Eastland were empowered as agents to sell the land. They were residents of California and the land is situated in Texas, and it is a fair presumption growing out of the exigencies of the transaction that it was contemplated that a purchaser should be obtained through a subagent. Smith v. Sublett, 28 Texas, 163; Tynan v. Dullnig, 25 S. W. Rep., 465. It follows as a corollary to the above proposition that if the circumstances of the case justified the appointment of a subagent the principal would be liable for his compensation.

The special exceptions urged to the petition present the question as to the sufficiency of the allegation of the petition to permit proof of the authority of the agent to employ a subagent. We think the facts alleged form the basis for such proof, it appearing therefrom that the agent was a nonresident and the subagent a resident of the county in which the land is situated.

The answer of Alfred T. Eastland stating the substance of letters written by him to Hihn was properly admitted, as to him, as showing his declarations, and if the other appellants desired its effect confined to him they should have asked the court to so restrict it. However, it does not tend to show the agency of Hihn and could not have injured anyone.

There is no evidence in the record tending to show that Hihn was ever authorized by appellants to sell the land, unless it might be inferred from his letters to appellee. Agency, however, can not be proved by the declarations of the agent made at some previous time, and there is no evidence showing that appellants had ever made him their agent, and Hihn and Alfred T. Eastland swore positively that he was never authorized by appellants to sell the land. Tabet v. Powell, 78 S. W. Rep., 997. The deed made by a portion of them to Hihn was made after appellee claims to have sold the land to Culpepper and without intending to ratify that transaction. Not being the agent of appellants, it follows that he had no authority to employ a subagent who could bind appellants.

The letters of Hihn to appellee, in the absence of testimony showing

his agency, should not have been allowed to be introduced in evidence by appellee, being an attempt to prove agency by the antecedent declarations of the agent, but appellants seem to have introduced them in evidence also in connection with the deposition of Hihn and are not in a position to complain of their introduction by appellee.

The court charged the jury that interveners had admitted that they owned the land in certain proportions, but the record fails to disclose any such admission. The charge was erroneous, but in view of the fact that the jury did not apportion the amount due by each intervener, as instructed by the court, no damage was inflicted by the charge.

Because the evidence is not sufficient to support the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

In the letter to appellee from F. A. Hihn, of date December 2, 1901, he said: "I am anxious to sell the Eastland league, as all the owners want to realize something out of it, but I can not advise them to accept Mr. Shiner's offer. If he will raise his bid to $3 per acre I will recommend the owners to accept it and to make a deed so that it will be ready for delivery when the purchase price has been paid." If it be admitted that Hihn was the duly accredited agent of appellants, it is clear that he did not attempt to bind them to an offer of $3 an acre for the land. It was a bare promise to submit the proposition and recommend its acceptance. There is no evidence of its acceptance. In the letters subsequent to the one from which the above quotation is taken, there was no unconditional agreement made to take $3 an acre for the land. The offer to sell was for cash, and the sale made by appellee was one on deferred payments. In the letter written by appellee to F. A. Hihn on January 6, 1902, it is apparent that he did not consider appellants bound by his contract. He tried to convince Hihn that he had obtained a good price for the land and then said: "Inclosed I send you a receipt for taxes on the Eastland league for the year 1901, paid by Mr. Culpepper. You can credit him with the amount if you make sale of the league to him or refund it if you do not. If you accept Mr. Culpepper's offer and approve my agreement with him, allow me to suggest that you write him and let me know, too." This was repeated in another letter which was not dated. In a letter written by Hihn to appellee on February 12, 1902, he construed the powers of appellee to be just as appellee construed them. He said: "You were authorized to receive and report for approval a bid of $3 per acre, not to enter into a contract for the sale of the land." Again on February 28th he wrote: "You have no one to blame but yourself. The Eastland heirs are certainly not to blame nor I. Had you acted within the bounds of your authority there would have been no trouble."

It is contended that Alfred T. Eastland, at least, is bound because he acknowledged that Hihn was his agent. If that be true he would

not be bound unless Hihn had agree to pay the commission for a sale at $3 an acre. This he did not do. Alfred T. Eastland left it to Hihn and he agreed to sell at a certain price if the owners agreed to take it. They did not do so. Appellee took the risk of getting his commissions for making a sale, knowing that it depended on the owners' agreeing to it.

The motion for rehearing is overruled.

*Overruled.*