## J. O. AND E. B. ROSS, EXECUTORS, v. E. MOSKOWITZ.

### No. 1677.   Decided March 27, 1907.

**1.—Assignment of Error—Charge.**

An assignment of error copying the entire charge, and alleging it to be erroneous, without pointing out the specific error complained of, does not require consideration.   (P. 436.)

**2.—Contract with Decedent.**

Evidence, in a suit against executors, in which neither party could testify to the transaction, considered, and held sufficient to submit to the jury the question whether decedent had accepted the services of plaintiff in negotiating a sale of bank stock for a commission.   (P. 436.)

**3.—Evidence—Agency—Self-serving Declaration.**

Where plaintiff claimed commissions for negotiating for B. a sale of his bank stock to K., testimony of a third party that B. sent word to K. by him that he would not deal through a middleman was a self-serving declaration of B., and not admissible to show that B. considered plaintiff the agent, not of himself, but of K.   (P. 436.)

**4.—Agency—Evidence.**

In an action by M. for commissions for negotiating a sale of bank stock for B. to K., evidence by K. that M. notified him that he and B. would come to K.'s office for the purpose of making the trade, which they afterwards did, though not evidence that M. was acting as agent for B., was admissible to prove another part of M.'s case, that is, that his efforts procured the sale.   (Pp. 436, 437.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Harris County.

*J. V. Meek*, for appellants.—The court erred in not permitting the defendant to show by the witness Lane what he, the witness, told Kirby, as to what were his chances in buying the stock from Burnett.  15 Am. & Eng. Ency. of Law, 1082; 2 Sedgwick on Damages (8th ed.), secs. 649, 650; Deball v. James, 1 Texas, App. Civ. Cases, 38; 5 Greene's Digest of Texas Dec., 1611.

There can be no recovery for services rendered voluntarily, and this is true whether the services were or were not beneficial, and under such circumstances no obligation, either legal or moral, is incurred.  See Goode v. United States, 25 Court of Claims, 261; Osier v. Hobbs, 33 Ark., 215; Evans v. Henry, 66 Ill. App., 144; McFadden v. Ferris, 6 Ind. App., 455; Allen v. Bryson, 67 Iowa, 591; Livingston v. Ackeston, 5 Cow. (N. Y.), 531; Griffin v. Patter, 14 Wend. (N. Y.), 209; Dunn v. Price, 87 Texas, 318; Meston v. Davies, 36 S. W. Rep., 805; Walton v. Clark, 56 N. W. Rep., 40; Viley v. Pettit, 29 S. W. Rep., 438; Watson v. Ledoux, 8 La. Ann., 68; Boston Ice Co. v. Potter, 123 Mass., 28; Everts v. Adams, 12 Johns., 352; Dunbar v. Williams, 10 Johns., 249; Bartholomew v. Jackson, 20 Johns., 28, 11 Am. Dec., 223; Merritt v. American Dock Co., 59 N. Y. Sup. Ct., 83; Glen v. Savage, 14 Ore., 567; Meyers v. Deane, 32 N. Y. Supp., 237; Sellers v. Commercial Fire Ins. Co., 105 Ala., 282; Atwater v. Lockwood, 39 Conn., 45; 8 Cent. Digest., column 1247; White v. Templeton, 79 Texas, 454.

It is not competent to prove agency by the declaration of the party assuming to so act. Ehrenworth v. Putnam, 55 S. W. Rep., 190; Noel v. Denman, 76 Texas, 306; Moody v. Gardner, 42 Texas, 414.

*Joe M. Sam* and *Taliaferro & Wilson,* for appellee.—The testimony of the witness Kirby complained of was admissible as a part of the res gestae. While it is true that Moskowitz could not have himself testified, nevertheless his statement to Kirby was a verbal act, a part of the res gestae, concerning which Kirby was a competent witness. The statement was a part of the res gestae: Western U. T. Co. v. Uvalde Nat. Bank, 72 S. W. Rep., 236; McGowen v. McGowen, 52 Texas, 664; Gresham v. Harcourt, 75 S. W. Rep., 808; St. Louis S. W. Ry. Co. v. Patterson, 73 S. W. Rep., 988; Smith v. Richardson Lumber Co., 92 Texas, 450; Fort Worth Pub. Co. v. Hitson, 80 Texas, 235; 16 Cyc., 1148-1155; 24 Am. & Eng. Ency. of Law, 661-664. The fact of incompetency of party making the statement is immaterial: Rogers v. Crain, 30 Texas, 286; Kenney v. Phillipy, 91 Ind., 511; Bargna v. State, 68 S. W. Rep., 997; 24 Am. & Eng. Ency. of Law, 667.

The testimony of Lane was inadmissible because it was a hearsay statement of a self-serving declaration of Burnett, in a matter independent of, and entirely disconnected with, any transaction between himself and Moskowitz. 1 Gr. Ev., secs. 98, 99, p. 145 (15th ed.); 16 Cyc., 1192.

When a person, expecting to be paid therefor, performs services such as a person is usually paid for, and that other knowing this, or having reason to know it, permits such services to be rendered, and accepts the same, the law will imply a promise on his part to pay the person performing the services the reasonable value thereof. In this class of cases the doing of the work with the expectation of being paid for it is regarded as an offer, and the acceptance of the benefits of the work as the acceptance of that offer. Taylor v. Deseve, 81 Texas, 251, 16 S. W. Rep., 1008; Schrimpf v. Settegast, 36 Texas, 301; Dunn v. Price, 87 Texas, 318, 28 S. W. Rep., 681; Gravis v. Bain, 78 Texas, 92, 14 S. W. Rep., 256; Day v. Caton, 20 Am. Rep., 347, 119 Mass., 513; Seals v. Edmondson, 49 Am. Rep., 51, 73 Ala., 295; De Wolf v. Chicago, 26 Ill., 443, 446; Fogg v. Portsmouth Atheneum, 82 Am. Dec., 191, 44 N. H., 115; Anson on Cont. (Knowlton ed.), star pp. 12, 14; Lawson on Cont., 33, 34, 38; Bishop on Cont., 33, 217, 219, 238.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought by the defendant in error against J. H. Burnett to recover a sum alleged to be due to plaintiff as broker's commissions upon a sale by him for defendant of certain bank stock. A few months after its institution Burnett died, and plaintiffs in error, as the executor and executrix of his will, were made defendants, and, judgment having been rendered against them as such, they appealed to the Court of Civil Appeals, and, that court having affirmed the judgment, procured the writ of error under which the cause is now before us. On account of Burnett's death both plaintiff and defendants were disqualified to testify to transactions with him, and plaintiff therefore had to develop the facts upon which he relied to establish his right largely by indirect evidence. We agree with the Court of Civil

Appeals in the opinion that the evidence in the record was sufficient to require the trial court to submit to the jury, as it did, the question whether or not plaintiff rendered to Burnett valuable services in effecting a sale of the stock, the benefit of which was accepted by Burnett, and that the request for a peremptory instruction was properly refused. Whether or not the charge given by the court was entirely correct we are not required to consider. In the only assignment of error complaining of it the entire charge is copied and alleged to be erroneous. This points out no specific error and the assignment is not accompanied by any proposition stating the particular instruction of which complaint is made.

The writ of error was granted because we thought there was error in excluding certain testimony of the witness Jonathan Lane. A close examination of a somewhat involved bill of exceptions leads to the conclusion that that part of the evidence which was regarded as admissible was not excluded, or at least that the complaint is not because of its exclusion. The sale of the stock was made to John H. Kirby and the plaintiff contended that it was brought about by his efforts while acting for and under the authority of Burnett, while the defense asserted that plaintiff was never authorized to act for Burnett, and that the latter made the sale without the intervention of plaintiff. The testimony of Kirby was to the effect that plaintiff endeavored to negotiate a sale of the stock to him and, upon his saying that he would deal only with plaintiff's client, plaintiff on the day of sale notified him that Burnett would be at his (Kirby's) office that morning to trade for the stock and that afterwards the two came to his office together and that plaintiff said to him in Burnett's presence, "Here is my client, I brought him up in connection with the bank stock, he and you take it up together," after which plaintiff retired, and Kirby and Burnett agreed upon the sale. Other statements were made by the witness tending indirectly to show that plaintiff acted for Burnett in inducing the transaction. The defense produced some evidence of a contrary tendency, and offered the testimony of Lane to the fact that he, before the sale took place, had interviewed Burnett in behalf of Kirby concerning a sale and purchase of the stock by Kirby, and we thought the fact that Lane had informed Burnett of the probability that Kirby would buy was admissible for the jury to consider in determining whether or not the inference should be drawn from all of the facts that Burnett went to Kirby to sell upon information furnished by plaintiff. In other words, the facts stated might have thrown light upon the case as furnishing an explanation of the sale to Kirby other than that it was brought about by plaintiff. But the exclusion of the fact stated, if it was excluded, is not that to which an exception was reserved. The bill of exceptions complains that Lane was not allowed to testify to a message sent through him by Burnett to Kirby to the effect that Burnett would not deal through a middleman, for the purpose of showing that Burnett thought that plaintiff was representing Kirby. This was plainly objectionable as a self-serving declaration of Burnett.

Another ruling of the trial court of the correctness of which we had

some doubt was the admission of Kirby's testimony to the fact that plaintiff had notified him that he and Burnett would come to the witness' office for the purpose of making the trade. That statement of plaintiff was not admissible for the purpose of showing his authority to act for Burnett. But there was another fact which it was important for him to establish, namely, that his efforts procured the sale; and his negotiations with Kirby were admissible for that purpose. No request was made to have the court limit the evidence. No reason justifying a reversal of the judgment is assigned and it is therefore affirmed.

*Affirmed.*