## WEST BROTHERS v. THOMPSON & GREER.

### Decided January 8, 1908.

**1.—Land Agent—Sale—Commissions.**

A land agent is entitled to his commissions if he is the efficient cause of the sale, as where he brings the parties together for the purpose of negotiating, notwithstanding the sale is afterwards concluded by the principal himself.

**2.—Trial by Court—Practice on Appeal.**

Where trial is by the court without a jury, the sufficiency of the evidence to support the conclusions reached may be reviewed on appeal though not presented to the trial court in a motion for new trial.

Appeal from the County Court of Tom Green County. Tried below before Hon. Milton Mays.

*Taylor & Frink*, and *Joseph Spence, Jr.*, for appellants.—The testimony shows that plaintiffs did not negotiate a sale of defendants' land and were not instrumental in negotiating or consummating a sale, but that defendants negotiated the sale of their own land without the aid of plaintiffs in any manner. Pryor v. Jolly, 91 Texas, 86; Mechem on Agency (ed. of 1889), secs. 964, 965, 966, 967, 968.

*W. A. Anderson*, for appellees.—Appellants are not entitled to have their assignments considered by this court, for the reason that, each of the three assignments of error is based upon the contention that the evidence introduced in the trial court is not sufficient to support the finding of the trial judge, and no motion for new trial was made in the court below by appellants calling the trial court's attention to that fact and asking for a new trial upon that ground. Foster v. Smith, 1 Texas, 70; Wetz v. Wetz, 66 S. W., 869; Black v. Black, 67 S. W., 929.

It is admitted that appellants made an agreement by which they authorized appellees to sell the property in question; that this au-

thority was never revoked; and that appellees entered into negotiations with Mr. Moore, who afterwards consummated the deal with appellants, which, we contend, under the following authorities, entitles appellees to their commission. Graves v. Baines, 14 S. W., 256; Byrd v. Frost, 29 S. W., 46; McCormick v. Henderson, 75 S. W., 171; Sallee v. McMurray, 88 S. W., 157; Conklin v. Krakauer, 70 Texas, 739; Evans v. May, 74 S. W., 575; Sylvester v. Johnson, 75 S. W., 923.

RICE, ASSOCIATE JUSTICE.—This is a suit brought by the appellees, plaintiffs in the court below, against appellants, defendants in the court below, to recover the sum of $250 as commissions claimed to be due them as land agents in procuring a purchaser for a house and lot situated in the city of San Angelo.

Plaintiffs alleged that on the 15th of September, 1906, they were engaged in the real estate business, and that the defendants, West Brothers, were the owners of certain lots in the town of San Angelo, and that on or about said time defendants authorized, contracted and agreed with plaintiffs that if plaintiffs would sell said property for defendants or procure a buyer for same, they would pay plaintiffs the usual commission of five percent of the selling price of said property; that in pursuance of such agreement and contract plaintiffs did, about the 15th of September, 1906, enter into negotiations with one W. R. Moore, with a view of selling him said property, which sale was afterwards consummated by the defendants selling said Moore said property on or about the 29th of October, 1906. Plaintiffs alleged that they procured said purchaser for defendants, and that upon completion of the sale by defendants they became justly indebted to plaintiffs for five percent commission on the selling price of said property, to wit, $5000.

Defendants answered by general demurrer, general denial, and specially, that in the month of August or early part of September, 1906, they did agree with plaintiffs that if they would sell the property for the sum of $5000 cash, and would consummate the sale within the next three or four days, they, the defendants, would allow and pay the plaintiffs the five percent commission thereon; that their purpose in thus offering to employ plaintiffs to negotiate a sale was for the express purpose of procuring $4750 in cash which they needed to pay off certain debts then owing by them; that at the time of said negotiations they expressly desired the sale to be made at once and for cash, to enable them to pay off certain notes which they owed, but plaintiffs failed to consummate a sale for cash within the time specified or within a reasonable time thereafter; that the proposed purchaser, Moore, at the time of said negotiations declined to purchase said property at any price; that the plaintiffs never consummated any sale of defendants' property, nor were they instrumental in the sale of the property, nor had they any authority, after the failure of the first negotiations, to negotiate any other or further sale of defendants' property; that the only agency or authority that plaintiffs ever had to sell defendants' property was the specific and special authority to sell the property at once and for

cash within a reasonable time, which contract they failed to comply with. This answer was sworn to.

Trial before the court without a jury resulted in a judgment in favor of the plaintiffs for $250, from which judgment this appeal is prosecuted.

By appellants' first assignment of error it is claimed that the court erred in rendering judgment in favor of appellees on the facts proven, because the testimony taken together, shows that plaintiffs did not negotiate a sale of defendants' property, and were not instrumental in negotiating or consummating a sale, but that defendants negotiated a sale of their own land without the aid of plaintiffs in any manner. It appears from the evidence in this case that the appellees were instrumental in bringing about the sale. They brought the parties together and had negotiations with the purchaser concerning the sale. It is true that, subsequent to this time, the defendants made the sale to the proposed purchaser themselves without plaintiffs' knowledge, and plaintiffs did not participate in the sale as actually made. But we think it is the settled law that an agent is entitled to his commissions if he is the efficient cause of the sale, and where he brings the parties together for the purpose of negotiating a sale, he is entitled to his commissions, notwithstanding the fact the sale is afterwards concluded by the principal himself. (Graves et al. v. Bains et al., 78 Texas, 92; Sallee v. McMurry, 88 S. W., 157, and authorities there cited.) We therefore overrule said assignment.

By their second assignment of error appellants contend that the court erred in rendering judgment in favor of plaintiffs under the facts proven, because the testimony shows that if plaintiffs at any time contracted with defendants for the sale of the property, said contract was a special one, by which plaintiffs were authorized to sell this land for cash and within a limited time, or within a reasonable time, and that plaintiffs did not, in pursuance of said contract, negotiate any sale of defendants' land for cash within such limited time or within a reasonable time thereafter, and did not comply with the contract as pleaded or proven. We think as to this assignment that it is sufficient to say that while there is a conflict in the evidence as to what the terms of the proposed sale may have been, yet the court found in favor of plaintiffs' contention on the facts, and, as there is evidence amply sufficient to sustain it, we are not willing to disturb the finding of the trial court in this regard, and therefore overrule this assignment.

By their third assignment appellants assert the insufficiency of the evidence to sustain the judgment of the court below; but appellees contend that appellants are not entitled to have said assignment considered by this court, because no motion for new trial was made in the court below by appellants, calling the trial court's attention to that fact, or asking for a new trial based upon the insufficiency of the evidence, citing in support of said contention Foster v. Smith, 1 Texas, 70; Wetz v. Wetz, 27 Texas Civ. App., 597, and Black v. Black, 67 S. W., 929. This case was tried by the court without a jury, and since the decision of the cases above

cited, the Supreme Court in the case of Greer v. Featherston, 95 Texas, 654, held that where the trial was by the court without a jury, the Appellate Court had the right to review the case upon the facts.

After a full consideration of the record we are inclined to believe that there is ample evidence to support the judgment, and therefore affirm the same.

*Affirmed.*