## BOUND v. SIMKINS.

(Court of Civil Appeals of Texas. San Antonio. Nov. 6, 1912. On Motion for Rehearing, Dec. 4, 1912.)

1. BROKERS (§ 39*)—COMMISSION—LIABILITY OF PRINCIPAL — PURCHASER PROCURED BY SUBAGENT.

Where an owner employed a real estate broker to sell his land at a certain price for an agreed commission, and the broker listed the same with another broker, who procured a purchaser whom he caused to inspect the land and enter into negotiations with the owner, the owner was liable to his agent for the agreed commission upon a sale being made to the purchaser, where he knew at the time of the sale that such subagent had written the purchaser about the land.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 37, 42, 64; Dec. Dig. § 39;* Judgment, Cent. Dig. § 1234.]

2. BROKERS (§ 56*)—COMMISSION—LIABILITY OF PRINCIPAL.

An owner is liable for the commission on a sale of land to a purchaser procured by his broker, though he does not know that the purchaser was so procured, and makes the sale himself.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 85–89; Dec. Dig. § 56.*]

---

3. PRINCIPAL AND AGENT (§ 17*) — AGENT'S AUTHORITY—EMPLOYMENT OF SUBAGENTS.

The rule that an agent cannot employ a subagent since the trust committed to him is personal, and cannot be delegated, does not prohibit an agent from employing others to perform a service involving no discretion or exercise of judgment.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 35; Dec. Dig. § 17.*]

4. BROKERS (§ 57*)—RIGHT TO COMMISSION—DEED.

The fact that the deed was made jointly to the purchaser procured and to a third party did not deprive the broker of his right to a commission where the original written contract of sale was between the principal and the purchaser procured by the broker.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 66, 67, 72; Dec. Dig. § 57.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by B. B. Simkins against Ed G. Bound. From a judgment for plaintiff, defendant appeals. Affirmed, and rehearing denied.

Read & Lowrance, of Dallas, for appellant. Simkins & Simkins, of Corsicana, and Geo. Sargeant, of Dallas, for appellee.

FLY, J. Appellee sued appellant for $700, alleged to be due him as commissions on the sale of a certain tract of land to Dr. J. A. Green. The defense pleaded was that appellant asked Green, when he was about to enter into a contract of sale with him, if any agent or B. B. Simkins had shown him the land, and Green replied in the negative, and that appellee had never offered to sell the land to him, and that on that representation he had sold the land to Green. It was also alleged that appellee had not secured a purchaser for the land. The cause was tried by jury, and resulted in a verdict and judgment for appellee in the sum of $545.62, with 6 per cent. interest from January 2, 1911.

[1] It appeared from the evidence that appellee had been employed by appellant to sell the land at $27.50 an acre, and agreed to pay appellee 5 per cent. commissions. Appellee advertised the land, and by his efforts interested other people in an endeavor to procure a purchaser, and listed the land with Mr. Taylor of Corsicana, and empowered him to get a purchaser for it. The land was afterwards sold to Dr. J. A. Green by appellant. Taylor testified that he wrote Dr. J. A. Green at Blooming Grove about the land, and stated it could be bought at $30 an acre, and that appellee was the agent for it. The letter caused Green to inspect the land and to enter into negotiations with appellant to buy the land. He knew nothing of the land until he received the letter, and, when he went to see it, he knew that appellee was the agent for the sale of the land. At the time that appellant sold the land, he knew that Taylor had written about the land. The contract for the sale of the land was made between appellant and Green, although the deed was afterward made to Green and Hitt.

[2] Where a broker procures a person to buy the land of his principal, and the latter sells to the purchaser procured by the broker, not knowing that he had been procured by the broker, he is liable for commissions on the sale. McDonald v. Cabiness, 98 S. W. 943; same case affirmed, 100 Tex. 615, 102 S. W. 721. This court, through Chief Justice James, held in that case: "While the owner has such an agent at work, and himself sells to some person that comes along, he does so at the risk of that person having been procured by the agent." So in Graves v. Bains, 78 Tex. 92, 14 S. W. 256, it was held: "If the agent be authorized to make the sale and a purchaser is procured by him, it is of no consequence that the owner did not know the fact and made the sale himself." To the same effect: West v. Thompson, 48 Tex. Civ. App. 362, 106 S. W. 1134; Pierce v. Nichols, 50 Tex. Civ. App. 443, 110 S. W. 206; Ross v. Moskowitz, 95 S. W. 86, affirmed in 100 Tex. 434, 100 S. W. 768.

[3] It is a general rule that, in the absence of any authority expressed or implied, an agent has no right to employ a subagent, the trust committed to him being personal, and he cannot delegate it to another so as to affect the rights of the principal. Eastland v. Maney, 36 Tex. Civ. App. 147, 81 S. W. 574. But there is nothing in that rule that would prohibit an agent from employing others to perform a service involving no discretion or exercise of judgment. If appellee had sent Taylor to Green to tell him about the land, without any authority to sell the land, it would not be contended that the rule as to subagents would apply, and neither would it apply when Taylor merely wrote a letter to Green calling his attention to the land and informing him of appellee's agency. No skill, judgment, or discretion was to be exercised, or was exercised, by Taylor, and in such cases the rule as to subagents does not apply. "The subagent may be employed where the duties are of a lower order and of a mechanical or ministerial type, in which there is no scope for independent judgment or discretion." Tynan v. Dullnig, 25 S. W. 465, 818. There can be no doubt that a land agent can employ persons to find some one to purchase the land and to show it to him. Williams v. Moore, 24 Tex. Civ. App. 402, 58 S. W. 953; Renwick v. Bancroft, 56 Iowa, 527, 9 N. W. 367; McKinnon v. Vollmar, 75 Wis. 82, 43 N. W. 800, 6 L. R. A. 121, 17 Am. St. Rep. 178; Mechem on Agency, § 193; Clark & Skyles, Law of Agency, § 345 (d), p. 377.

The charge complained of in the first assignment is not open to the criticisms made by appellant. It does not assume any fact that was controverted. All of the testimony

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

showed that Green was the purchaser, and that he was found by appellee.

The second, third, and fourth assignments of error are overruled. The evidence complained of was admissible. Appellee was fully authorized to employ Taylor to obtain a purchaser under his contract with appellant. The authorities cited do not sustain the assignments. Taylor did not attempt to sell the real estate, but merely to secure a purchaser to whom appellant or appellee could sell it.

[4] The fifth and sixth assignments of error are without merit. The uncontradicted testimony showed that the land was sold to J. A. Green, and that he may have afterwards associated some one with him in the purchase of the property did not alter the fact that he was induced to approach appellant through the efforts of appellee and that he bought the land. The name of Hitt did not appear in the written contract of sale. The payment of the just commission in this case cannot be evaded on such an attempted defense.

The verdict is sustained by the evidence, and the judgment is affirmed.

### On Motion for Rehearing.

Dr. Green, a witness for appellant, testified, in regard to the sale: "I bought this land from Mr. Bound about the 1st of December, 1910." He stated that Hitt was present when he was negotiating for the purchase over the telephone, but that Bound did not know that fact. He made all the arrangements for the purchase. When the contract was drawn up by the attorneys of appellant, the name of Hitt was not mentioned therein, and appellant never heard of Hitt being a party to the contract until it was returned with his name appended. While he states that Green mentioned something about a partner, he did not consider him in the transaction. He swore he knew nothing about the partner, and did not name him in the contract. He sold the land to Green. The name of Hitt was not mentioned in the contract, although he may have signed it, without the knowledge or consent of appellant.

There is no merit in the motion for rehearing, and it is overruled.