## LAIRD v. BARNETT. (No. 2198.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 14, 1923.)

**1. Brokers ⬚86(4)—Evidence held to support finding that plaintiff was procuring cause of sale.**

Evidence *held* to sustain finding that plaintiff was the procuring cause of the sale, and that another broker was only subagent of plaintiff, and acted for him in taking the purchaser to view the land.

**2. Brokers ⬚81—One of two brokers could recover whole commission in own name.**

If a broker was not interested in plaintiff broker's cause of action for commission, and his interest was limited to whatever amount might be recovered, and, if he was only a subagent of plaintiff, he was not a necessary party to plaintiff's suit, and plaintiff could recover whatever amount was due in his own name.

**3. Appeal and error ⬚882(4)—Landowner's failure to interplead broker claiming commission held to preclude reversal for nonjoinder.**

Where landowner knew that two brokers both had to do with consummating the sale of his land, it was his duty, if he feared a double recovery, to interplead, in a suit by one of them for commission on the sale, the other broker; and failing to do this, he could not insist upon

a reversal because the other broker did not join as plaintiff.

Error from District Court, Deaf Smith County; Reese Tatum, Judge.

Action by Ralph Barnett against D. C. Laird. Judgment for plaintiff, and defendant brings error. Affirmed.

Carl Gilliland, of Hereford, for plaintiff in error.

Wm. M. Knight, of Hereford, for defendant in error.

HALL, C. J. Defendant in error, Barnett, sued plaintiff in error, Laird, in the district court of Deaf Smith county, to recover commissions due him as a broker for the sale of a certain section of land which it is alleged Laird had listed with Barnett for sale, agreeing to pay him $1 per acre for procuring a purchaser. The case was submitted to the jury upon a general charge, and resulted in a verdict for Barnett for the full amount claimed, with 6 per cent. interest. The case is before us upon the following propositions:

"(1) Where a landowner has engaged the services of two different brokers to sell his land, and one of the brokers is the procuring cause, the other cannot recover the commission, although he induced the procuring broker to show the land to the purchaser.

"(2) Where a landowner has engaged the services of two different brokers to sell his land, and the two brokers agree together and do so act in selling the land to the purchaser, with the understanding between the brokers that they will share the commission equally on the sale of the land as a result of their joint efforts, then one of the brokers alone cannot maintain an action against said owner for the entire commission."

[1] The court gave a correct definition of the term "procuring cause of the sale," and under the record the issue of who was the procuring cause is purely a question of fact. According to the statement of facts, Laird owned a number of sections of land, and several months before the transaction out of which this suit arose had told Barber, an insurance man and broker, who lived at Lockney, Tex., that he was willing to pay $1 an acre to any one who would procure a purchaser for any part of his lands.

There was no formal listing of any particular tract with Barber, and Barber had never made any effort to sell any part of the land to any one. Several weeks prior to the transaction in question, Laird had listed the land with defendant in error, Barnett, giving him a plat of this particular section which showed the location thereon of a windmill, etc. It appears that upon the day of the sale Barber and one S. A. Henry, accompanied by a third party, came to Hereford from Lockney, with the intent on the part of Henry to look at a certain section of land belonging to another party, with a view of buying it if suitable terms could be made. Barber testified that he came with Henry, intending to show him other lands, in the event Henry decided not to buy the section which he came to look over. It appears that Henry had not closed the deal which he originally had in mind, and while he, with Barber and the third party, were standing at their car, ready to return to Lockney, Barnett spoke to Barber, and upon learning that the latter was with Henry, who was in Hereford with the view of buying land, induced Barber and Henry to come to his office, where he showed them the plot and location of the section of land in question. He requested that they go by Laird's place on their way to Lockney and look the section over, and told them the terms upon which it could be bought. Upon such request made by Barnett, Barber says he took Henry to the land, where they found Laird, and a written contract of sale was entered into. Henry testified that no one had ever mentioned the land to him until Barber, acting at the request of Barnett, took him to the latter's office. Barber testified that at the time he introduced Henry to Laird that Henry told Laird that he was looking over the section with the view of buying it; that Mr. Barnett had sent them down there to see the section, and that Laird then stated that he presumed that Barnett had told them in what way he would settle the commission. That Laird said it was not a 5 per cent. commission, but was $1 per acre; that they then went ahead and closed the deal. Barber further testified that had it not been for the conversation he had with Barnett in Hereford he would not have gone by and looked at the tract of land, and that he never had any intention of calling Henry's attention to the section of land in question until he had the conversation with Barnett. Henry testified that Barber introduced him to Laird, but that Ralph Barnett had directed them to Laird to close the deal. This evidence is sufficient to sustain a finding that Barnett, and not Barber was the procuring cause of the sale. Mitchell v. Crossett (Tex. Civ. App.) 143 S. W. 965; Masters v. Hunt (Tex. Civ. App.) 197 S. W. 219; 9 C. J. 611–613.

From the evidence the jury was warranted in concluding that Barber was simply a subagent of Barnett, and acted for the latter in taking Henry to the land in question. Bound v. Simkins (Tex. Civ. App.) 151 S. W. 572.

[2, 3] Barber testified:

"I was supposed to be interested in the commission in this case to the extent of 50 per cent. of it; that is, 50 per cent. of whatever Barnett might recover."

If he was not interested in the cause of action and his interest was limited to whatever amount might be recovered, and if he

was only a subagent, he was not a necessary party to the suit, and Barnett could recover whatever amount was due in his own name. It is apparent from Laird's own testimony that he knew that Barber and Barnett both had to do with consummating the sale, and if he feared a double recovery it was his duty to interplead Barber as a claimant of the fund. Failing to do this, he cannot insist in this court upon a reversal because Barber did not join as a plaintiff. He would not be entitled to a reversal, unless Barber was a necessary party plaintiff.

Finding no reversible error, the judgment is affirmed.

RANDOLPH, J., not sitting.