## ATTAS v. COX.

### No. 8961.

Court of Civil Appeals of Texas. Austin.

May 29, 1940.

W. M. Zachry and D. M. Wilson, both of Waco, for appellant.

Sam D. Snodgrass, of Temple, for appellee.

BLAIR, Justice.

Appellee, Geo. A. Cox, sued appellant, Michael Attas, for a real estate broker's commission of $337.50. In answer to special issues submitted, the jury found: (1) That appellant listed the property in question with appellee for sale; (2) that appellant agreed to pay appellee a commission of 5% of the sale price, if he found a purchaser satisfactory to appellant; (3) that appellee, acting through Antone Bravanec, procured J. W. Lagow and Mrs. Ione Lagow Biggs as prospective purchasers; and (4) that appellee, acting for himself and through Antone Bravanec, was,

the procuring cause of the sale of the property to J. W. Lagow and Mrs. Ione Lagow Biggs. These special issues presented the case of appellee as raised by his pleadings and evidence; and upon the jury's findings judgment was rendered for him as prayed.

By his propositions I and III, appellant contends that fact questions were raised as to whether appellee had the authority to appoint Antone Bravanec as sub-agent, and whether appellant knew of the appointment; and that the court erred in refusing to submit to the jury the special issues requested by appellant covering these questions.

■ The general rule that an agent, except upon express or implied authority, does not have the power to appoint a sub-agent has no application to the facts of the instant case, because the services performed by Antone Bravanec in aiding appellee in finding purchasers for the property did not involve the exercise ·of any discretion or judgment on his part. The authorities are uniform in holding that a land broker or agent may employ persons to find purchasers for real estate listed with the broker or agent for sale, without express or implied authority of the owner. Bound v. Simkins, Tex.Civ.App., 151 S.W. 572; Coggin v. Burson, Tex.Civ.App., 70 S.W.2d 338; Dunn v. Second Natl. Bank of Houston, 131 Tex. 198, 113 S.W.2d 165, 115 A.L.R. 730; Cross v. White, Tex. Civ.App., 112 S.W.2d 502.

■ The rule is also settled that where a broker procures a person to buy land of his principal, and the latter sells to the purchaser procured by the broker, he is liable for the commission on the sale, "it [being] of no consequence that the owner did not know the fact, and made the sale himself." Graves v. Baines, 78 Tex. 92, 14 S.W. 256, 257; McDonald v. Cabiness, 100 Tex. 615, 102 S.W. 721; West Bros. v. Thompson, 48 Tex.Civ.App. 362, 106 S.W. 1134; Ross v. Moskowitz, 100 Tex. 434, 100 S.W. 768; Bound v. Simkins, supra. And since in the instant case the jury found upon sufficient evidence that appellee, acting through Bravanec, found the purchasers, and that appellee, acting for himself and through Bravanec, procured the sale of the property to the purchasers, it is of no consequence that appellant did not know of the appointment of the sub-agent. Appellee alleged and testified that Bravanec found

the purchasers, told him about them, that he told appellant who the purchasers were; that appellee and Bravanec were to divide the commission; that appellant agreed to the arrangement, and that he later sold the property to the purchasers whom appellee through Bravanec sent to him.

■ Appellant further contends that the court erred in permitting Antone Bravanec to testify over objection to conversations had out of the presence of appellant with Lagow, the purchaser, about the .sale of the property in question and the price to be paid for the same. The testimony complained of was admissible to prove the allegation of appellee that he, acting through Bravanec, found the purchasers and procured the sale of the land. Ross v. Moskowitz, supra. The substance of the testimony objected to was that in the latter part of November of the year in question, J. W. Lagow requested witness Bravanec, who was a tenant of appellant, to ascertain if the building in question were for sale and its price. Bravanec then contacted appellee and found that he had the building listed for sale, gave him the name of the purchasers, and they agreed to divide the commission if the sale were made. Bravanec then reported to Lagow that the building was for sale at the price of $7,-500, and to go see appellant. Lagow testified that about ten days after this conversation, he began negotiations with appellant. Appellee testified that he reported the names of Lagow and Mrs. Biggs to appellant, who told him to go ahead, and hoped the sale could be made because he needed the money. This testimony was clearly admissible to show the efforts of appellee to find a purchaser and to procure the sale to them. A broker does not have to talk with prospective purchasers in the presence of the owner.

■ In this connection, however, it seems to be the claim of appellant that Lagow approached him before appellee did, and that therefore appellee was not the finder of the purchasers. But under the rule cited that it is of no consequence that the owner did not know that the agent had procured the purchasers, the fact that they approached him before he learned that appellee had procured them would not be material. Both appellant and appellee testified that during the negotiations appellee talked with appellant at least four times, and appellee urged appellant not to take less than $7,500 for the building,

insisting that the purchasers would pay that sum for the building. Appellant admitted these four conversations with appellee, but insisted that he told appellee he did not desire his services in the matter; and he later sold the building to the said purchasers for $6,750, the deed passing about thirty days after appellant's last conversation with appellee. Under these facts and the findings of the jury thereon, appellant was liable for the commission.

The judgment of the trial court is affirmed.

Affirmed.