**DICKSON et al. v. KELLEY et al.**

No. 5701.

Court of Civil Appeals of Texas. Amarillo.

Feb. 18, 1946.

W. W. Campbell, of Lubbock, for appellants.

McWhorter, Howard & Cobb, of Lubbock, for appellees.

BOYCE, Justice.

The appellants, C. L. Dickson and J. B. Walker, brought this suit against the appellees, Wayne Kelley and Mrs. Rosa Kelley, a widow, to recover a five percent commission on $30,000, alleged to be due by virtue of appellants' efforts in procuring a purchaser for 334 acres of land in Hockley County. The action was founded upon a written instrument executed by Wayne Kelley in which he appointed C. L. Dickson his agent to sell the land. It was stipulated that appellees had conveyed 334 acres of land, described in the stipulation, in Hockley County to Dene R. Headstream for a consideration of $30,000. The appellee, Wayne Kelley, on the trial admitted that the land described in the stipulation was the 334 acres referred to in the agency contract, that it was the only land he owned in Hockley County, and that the appellant Walker had participated in the negotiations with Headstream. Trial was to a jury. At the close of all the evidence, on motion of the appellees, the trial court instructed the jury to return a verdict for appellees. Judgment was rendered for them on the verdict so returned.

Appellants challenge the peremptory instruction on the grounds that their pleadings and evidence showed that the appellees listed the land in writing with C. L. Dickson for sale at $100 per acre and agreed to pay him a five per cent commission on the sale price, that Dickson employed appellant Walker to aid in finding a purchaser, that Walker found Headstream as a prospective purchaser and introduced him to appellee, Wayne Kelley, and that the Kelleys consummated a sale of the land to Headstream. The motion for a peremptory instruction did not specify the grounds therefor. In this Court the appellees urge that the instruction was proper because (1) the de-

scription of the land contained in the agency contract was insufficient to meet the requirements of Section 22, Article 6573a of Vernon's Annotated Civil Statutes, (2) the contract had terminated prior to the time appellants' services were rendered, and (3) no recovery can be had by appellants based on services rendered by Walker since no contract of employment was made by them with Walker.

The agency contract reads as follows:

"C. L. Dickson Agency
"Real Estate—Rentals—Loans
"Outdoor Advertising
"Russell Bldg.—1011 Main St.
Residence Phone 8943
"Office Phone 7302
"Lubbock, Texas
"3–20–44

"I hereby appoint you as exclusive agent for 15 days from date to sell my property described below for the sum of $100.00 upon which I agree to pay you, upon your sale of the property, a commission of 5% of purchase price or any other price accepted by me, said commission to be paid out of first payment made on said property unless otherwise agreed in writing.

"334- acre. 4 mi. East of Ropes Extra well imp. 40 x 80 Granary 6 rm & Bath Home. 2-help houses a 2-rm or 3-room all painted. tractor shel 20 x 80 ft. and other fair out bldgs - 2 - wells at home and irrigation w. Chev. Motor Fairbank pump.

"Value $100.00 per a. about $3,000. Prudential Life Ins. Loan would sell later. but with possession only if sold within 15 days leased to Humble Oil 50¢ rental.

"Signed Wayne Kelley
"Dick                Address Rt-1 Ropes
"Witness ————."

Section 22, Article 6573a, Vernon's Annotated Civil Statutes, provides that no action shall be brought for recovery of a commission for the sale or purchase of real estate unless the promise or agreement, or some memorandum thereof, upon which the action is founded, shall be in writing and signed by the party to be charged therewith or his duly authorized agent. This Court has held that in determining the sufficiency of the description of the land contained in the contract of employment, the rules governing the construction of Article 3995, Vernon's Annotated Civil Statutes, apply. Dunn v. Slemons, Tex.Civ.App., 165 S.W. 2d 203. See, also, Volkmann v. Wortham, Tex.Civ.App., 189 S.W.2d 776.

These rules have been recently restated by the Supreme Court in the case of Wilson v. Fisher, 144 Tex. ——, 188 S. W.2d 150, wherein it is held that the writing relied on must furnish, within itself, or by reference to some other existing writing, the means or data by which the particular land referred to in the writing may be identified with reasonable certainty. Although the essential elements of the contract may never be supplied by parol, the details which explain or clarify the essential terms appearing in the instrument may ordinarily be shown by parol. No attempt will be made to reconcile the great variety of decisions in which the rules have been applied. We shall confine ourselves to their application to the case before us.

Even though the contract does not specify the State and county in which the land is situated, it does locate the land with reference to the town of Ropes. The letterhead upon which the contract was written shows that the office of the appellant Dickson was in Lubbock, Texas. Beneath his signature to the contract the appellee, Wayne Kelley, wrote his address, "Rt - 1 Ropes." It may be presumed that Ropes and the land are in Texas. Taylor v. Lester, Tex.Civ.App., 12 S.W.2d 1097, writ of error refused. Material data in identifying the land are the recitations that the property consisted of 334 acres four miles east of Ropes, belonging to Wayne Kelley, and the detailed description of the improvements and the irrigation equipment thereon. Watson v. Baker, 71 Tex. 739, 9 S.W. 867. The references to a loan of about three thousand dollars held by Prudential Life Insurance Company and a lease to Humble Oil imply the existence of other writings in which the land is described; these writings, coupled with Wayne Kelley's testimony that he owned no other land in Hockley County, provide additional means by which the land can be identified with reasonable certainty. Wilson v. Fisher, supra; Porter v. Memphis Land & Commission Co., Tex.Civ.App., 159 S.W. 497, writ of error refused; Beaton v. Fussell, Tex. Civ.App., 166 S.W. 458.

We conclude, therefore, that the agency contract complied with the requirements of Section 22 of Article 6573a.

The second reason advanced by appellees for upholding the verdict is that the agency contract terminated fifteen days after March 20, 1944. The terms of the contract relative to its duration are repeat-

ed: "would sell later. but with possession only if sold within 15 days." As we construe the contract, the fifteen days stipulation refers to the time of delivery of possession rather than to the duration of the listing. But if we are mistaken in this construction, we think the appellants' pleadings and the evidence offered by them raise the issue of estoppel of appellees to urge the termination of the agency. Langley v. Norris, Tex.Civ.App., 167 S.W.2d 603, affirmed 141 Tex. 405, 173 S.W.2d 454, 148 A.L.R. 555. Appellants alleged that immediately after March 20, 1944 the appellant, C. L. Dickson, employed the appellant, J. B. Walker, to assist in procuring a purchaser for the land; that Dickson kept appellees fully informed of the efforts being made to sell the land; that subsequent to March 20, 1944 the appellant Walker, on more than one occasion, showed the land to Dene R. Headstream; that at the time he showed the land to Headstream, appellant Walker informed appellees that he was acting pursuant to the contract with Dickson; that the appellees "invited" Walker to continue his services and enter into negotiations with Headstream; and that Walker's continued efforts resulted in a sale. Appellants offered testimony which tended to support these allegations. The appellee, Wayne Kelley, testified that, to his knowledge, the appellant Walker participated in the negotiations with Headstream; the appellant Walker testified that he told Wayne Kelley that he, Walker,. was showing the land under Dickson's listing, that he first showed the land to Headstream on December 16, 1944, and that he continued negotiating with Headstream and appellees thereafter. The sale was consummated on May 12, 1945.

Thus, we are of the opinion that the instructed verdict cannot be upheld on the ground that the contract had terminated as a matter of law before Walker's services were rendered.

■ The pleadings and evidence last referred to also dispose of appellees' contention that no recovery is permissible on account of services rendered by the appellant Walker. It has been held that when a sale is consummated through the efforts of a subagent under such circumstances as here alleged, the payment of commissions cannot be avoided on the ground that the agent had no authority to employ the subagent. Bound v. Simkins, Tex.Civ.App., 151 S.W. 572; Nemir v. Bennett, Tex.Civ.App., 238

S.W. 998. See, also, Attas v. Cox, Tex. Civ.App., 141 S.W.2d 728.

■ The appellants present points of error relative to the exclusion of the testimony of the appellant, C. L. Dickson, concerning conversations between him and Walker involving the employment of Walker to assist in finding a purchaser for the land under an agreement to divide the commission, and the exclusion of the testimony of the appellant Walker about such conversations and his negotiations with the purchaser, Dene R. Headstream, and the appellees. This testimony was admissible to support the allegations of the employment of Walker as a subagent and of Walker's efforts in procuring Headstream as purchaser. Attas v. Cox, supra; Murchison v. Ballard, Tex.Civ.App., 178 S.W. 2d 554, writ of error refused for want of merit.

Appellants also complain of the exclusion of Dickson's testimony as to what Walker had told him concerning Walker's conversations with appellees and negotiations with Headstream. This was hearsay and inadmissible.

The other matters complained of will probably not occur on another trial.

For the reasons stated, we think that the peremptory instruction was improper, and the judgment is therefore reversed, and the cause remanded for another trial.